Airlines, Mr. Hemingway.  Department of Defense has submitted, without argument, on the briefs today, namely, Appeal No. 06-3195, Weich v. United States Postal Service, and Appeal No. 06-3265, Zonk v. Department of Defense. On the four-case argument list, we'll hear argument first in Appeal No. 06-1116, IAP Intermodal v. Northwest Airlines. Mr. Hemingway. Good morning to you. Welcome to the court. Please proceed. May it please the court. Again, my name is Scott Hemingway. I represent IAP Intermodal for this court. Two primary issues, both dealing with plane construction, which this court has a review of, didn't have a standard of review. We're quite aware of the standard of review. In your blue and gray briefs, you argue at length that Judge Ward misinterpreted the notion of real time, but I couldn't see where he ever said what you said he said. So can you point us to the specific language in his opinion where he mangled the notion of real time in the way that you argue at great length in both briefs? Your Honor, I've got great respect for Judge Ward. I don't mean to imply that he mangled anything. I just think he took a couple of steps too far, and I think going through the history of his plane construction through his orders. Well, I'm asking a question about language. Where is it that he interpreted real time in the way that you then argue at such length is wrong? In his order, Your Honor, I believe preceding page 10, and going back a couple pages, he analyzes the fact or the issue of whether the invention is limited to real time or not. And at the end of this section, before heading B on page 10, he comes to the conclusion, these methods contemplate flexible schedules and routes, i.e., those that are not fixed, but rather are capable of change based on received transportation requests. At that point, he got it right. The problem is where he takes the next step, which is at the last line of this page, this is where he takes the step too far, which is he says, in particular, the court has adopted the defendant's view that the transportation request must be prospective in nature. So the error is in the word prospective? Yes, Your Honor. That's exactly it. Why is that an error? Well, Your Honor, real time means exactly what he found initially. Real time means it's dynamic, it's capable of being changed. It's capable of being changed on any number of different data points or information that the system will consider. But your specification makes it so clear that the present invention is a method of scheduling a vehicle in real time to transport freight and passengers simultaneously. Yes, Your Honor. That's the invention. And real time, the real issue here is what do you define as real time? Do you define it here up to this point, which is the first step that Judge Ward comes to? Let's just say it. Simultaneously freight and passengers on the fly. No, Your Honor. Simultaneously means they're transporting both, simultaneously passengers and freight. Not just passengers, not just freight, but simultaneously. It's not talking about on the fly, except in one embodiment, which is disclosed in the specification, but throughout the specification it talks about how the invention is flexible. You can schedule and change routes periodically, every day, every week, every month. How can this not be invalid? Your Honor. I know that's not before us, but it's got to have been trucking companies that call their trucks on the fly and tell them stop in Pittsburgh and pick up something to go to Chicago. The novelty of the invention, Your Honor, is that you're taking remote transportation requests from remote areas. Remote passenger transportation requests, remote freight transportation requests. You're combining those together and you're modifying the schedules based on those remote transportation requests. Okay, that's really not before. Stick with the... But I'm glad you brought that up because it requires both pieces of information and what the prior art does not teach is using both those pieces of information from remote locations. So, I understand it's not before the court, but getting back to your question, Judge Michelle, the analysis that leaps from that first step that says this is a dynamic system, this is capable of being changed, and that's what real time means. It's only prospective in nature. That means he is telling us that the claim is limited to only prospective, unfulfilled, new requests. As opposed to what? Prospective as opposed to what? As opposed to old requests. As opposed to historical information. But isn't that what the claim itself tells us? The claim, if you look at claim one, the 362 patent, it talks about the last three or four steps, predicting an arrival time, generating a schedule, including the predicted time, updating the generated route schedule, etc. All of that is language that is clearly prospective. It could be, but it's not restricted to just that piece of information. It's broad enough to cover it, but it's not limited to that. And that's where the step two and three go afoul of claim differentiation and reading limitations from the specification into the claim. We don't even have to worry about reading anything into the claim. The prosecutor disclaimed coverage of anything that wasn't real time. He quite sensibly distinguished the prior art by saying that's not at all what my invention is about. The words of the claim could have said anything. But in light of that prosecution history, whatever they otherwise might have meant, they no longer mean because he told us they don't mean that. Your Honor, you're talking about the petition to make special. Well, and numerous places in the specification. But if you just want to address the petition to make special, that would be a good place to start. The petition to make special addresses the fact that it's real time. But nowhere in this statement does it say it's restricted to only consideration of prospective, unfulfilled, new transportation requests. But when you characterize your invention and say my invention is real time, prospective, unfulfilled requests, why wouldn't we hold you to what you have described as your invention? We characterized it as real time, Your Honor. We characterized it as dynamic. But we did not characterize it as only requiring the consideration of only new, unfulfilled transportation requests. Now there are specific claims that call for that. Not claims 1 through 11 of the 362 patent, and not claims 1 through 11 of the 582. But claim 12 and 13 of both the 362 and the 582 patent require accommodation of transportation requests. This is a transportation request coming in, and you're changing the schedule based on that and accommodating it. Now that's the claim language for claim 12 and 13. And if you look at the 897 patent, Your Honor, what you've got is specific claim language that calls for new transportation requests. These are new requests that are coming in and accommodating those scheduled requests for service. Where's the conflict? The conflict is claims 1 through 11 of the first two patents don't require that language. But there are other differences between those two claims. Your Honor, you may find that, but I don't see that. If you look at claim 12 of the first two patents, the 362 patent and the 582 patent, that's a very short claim. It's a dependent claim. It's dependent from claim 8. And frankly, there are no substantive differences apart from the word accommodating those transportation requests. You're looking at the routes, and you're accommodating the incoming transportation requests and modifying the schedule. I think it's a three-step claim on claim 12 of both the 582 and the 362 patents, Your Honor. Also, there may be some other differences between the 897 patent claims, all their claims, and the other two patents' claims. I would argue to you, Your Honor, the primary difference is the difference between new transportation requests and just the word transportation requests, which is defined much broader in the specification, and is not restricted to just and only prospective, unfulfilled new requests. And that's the starting point. I thought the dichotomy that Judge Ward was drawing was between what was called historical transportation schedules and transportation schedules that are in the making based on evolving data. So when you complain that in Part B, at the bottom of page 10, that he used the word prospective and say that that was error, maybe it depends on how one reads his use of the word prospective in that sentence. I read it as simply meaning not the old or historical, fixed, immutable schedule. And if that's all it means, I don't see any problem or conflict here at all. Your Honor, I believe what he's come to the conclusion of is prospective only, and that's the only piece of information that you can... But every one of your independent claims has as the first step that you receive a request and then act on those requests prospectively. The first thing you do is you have to have a request. Well, you have a request. You may fulfill that request in the broadest claims. And then you may consider that request later in modifying your schedule. You may consider new requests in those broadest claims. But those broadest claims are not restricted to new, unfulfilled, or prospective. Those words are not used in the patent claims. Well, give an example. Give an example that would illustrate what you're saying. Your Honor, the prior art, you mentioned the prior art. A train schedule. A train leaves the station at 8.10. Passengers, no passengers. Freight, no freight. It's leaving. That's a fixed schedule. We follow that. This system is dynamic in the fact that it can be changed. And Judge Ward had it exactly right when he said they contemplate flexible schedules. That's at the bottom of the page. But your complaint is that he interjected the notion of prospective only in it. And you went on to say just a minute and a half ago that fulfilled requests could also be considered. So I'm asking you to illustrate a case where fulfilled requests would be would result in a change in the schedule. Okay. There may be a plane schedule that contemplates flying from Washington, D.C. to Raleigh, Durham over the course of a period of 6 months or 12 months the passenger or freight demand and requests increase because a new factory is built in Raleigh. And it is bringing workers down. Or there's a new FedEx location. One example at a time. How does that illustrate your point? Well, my point is that the Sprada systems in claims 1 through 11 of the first two patents contemplate using both historical, current, or prospective transportation requests. I don't think so. I don't see how I can agree with that. Your Honor, that's the broadest claim. And the specification is not restricted to that. Now, what Judge Ward has indicated on page 12 is that transportation requests must relate to transportation service transmitted from the terminal to the host before the transportation service is fulfilled in anticipation of some future service. He's restricted the scope of the invention claims 1 through 11 which are not restricted to new considering just new requests or considering prospective or anticipated transportation requests. He's restricting those claims to that scope. I want to bring you back very briefly to your claim differentiation argument. Claim 12 depends on Claim 8. Claim 8 talks about creating a route for the vehicle only when a predetermined profit value is generated. Yes, Your Honor. Do you see that limitation in claim 1? Your Honor, the whole scope of the invention is... No, no. Just answer my question. Do you see that limitation in claim 1 or not about generating I believe it's there. based on a profit. I believe it's there. I will address that on my rebuttal time if I could. I will look forward to it. Thank you, Mr. Hemingway. Mr. Ayers. Welcome back. Thank you. Good morning and please proceed. May it please the Court. Your Honor, I'm here today on behalf of American Airlines. With me is Mr. Bruce Warford, associate general counsel of American Airlines. Also at counsel table is John Gore, who's here on behalf of Continental Airlines. And with him is Scott Garber, an attorney from... We should hasten to add that it's not the John Ward who is the district judge rendering the challenge decision. No. No, you are correct, John. There's no relationship between Judge Ward in this case and defendant's counsel. It seems, Your Honor, that the Court has the basic issue well in hand, but one issue that has not been addressed because we were never given the opportunity in our brief is to address our waiver argument. We believe that other than the term host that the appellant has waived its right to appeal the claim construction terms that it complains of, first of all because they did not articulate a claim construction at all in their opening brief other than to just complain about some of the things that Judge Ward said in the course of construing his claims nor did they advance any arguments in support of those absent claim constructions, and so we believe that they've been waived. Well, Mr. Ayers, let's look at the one thing that they do point out that suggests something in the direction of what they argue, and that is column 11 where they talk about the process of figures 1, 4, and 5 as continuous, iterative, maybe periodic, aperiodic, or continuously operating in the background. They seem to be suggesting there that there are few limitations on this process such as the limitation that Judge Ward has found in the language of the claim. Now, that statement meshes perfectly with Judge Ward's claim construction. Each and every one of the embodiments that are disclosed in the IEP patents use prospective requests. For example, periodic, which the appellant argues is a non- real-time embodiment, you can have, and there's a description of this, you can have these requests accumulate for 24 hours before you create the route. Those requests are still prospective. They have not been fulfilled. If they had been fulfilled, you would be creating what the prior art calls a fixed schedule, which is a schedule that projects demand. Indeed, all the claims start with a request, right? Absolutely. Which is kind of the defining point for the rest of the claim. Absolutely, Your Honor. This construction turns on the text of the claims. As Judge Lynn correctly pointed out, the language demands that these requests be prospective. The term request itself, how can you request something that's already transpired? It's clear that a request is prospective. Not only that, the only way that you can achieve the claim requirement of creating a route only when the vehicle can transport a predetermined number of passengers and predetermined number of freight as used in Claim 1, or only when a predetermined profit value based on said received transportation requests is generated, is if those requests are prospective. Because the only way you can ensure a profitable result is by knowing what actual demand you have and the revenue that you're going to derive from those requests. So a fixed schedule really has an assumed demand, which may or may not turn out to be correct. But the dynamic or real-time schedule uses actual demand as expressed in those requests. They're opposite approaches. There's no overlap. There's none at all, Your Honor. They disclaimed the fixed schedules clearly in the specification and in the prosecution history. Now, back to my waiver argument, Your Honor, because we didn't have the opportunity to see appellants' new constructions until their reply brief, but if the court looks at those constructions, they will see that they differ radically from the claim constructions that they proposed to Judge Ward in the first instance. And as a result, they have waived those new constructions by not presenting them to the district court in the first instance. Take, for example, route schedule. Their original construction was the time a vehicle will travel between the departure and destination location, meaning the elapsed time from departure to destination. Now their construction, which is a red-lined strike-out version of the district court's construction, which we never saw before until their reply brief, is a transportation timetable for the vehicle traveling along its respective route. I take it the main problem isn't that you didn't have a chance to brief this, since it only came up in their reply brief. The main problem, I would think, is that Judge Ward never had a chance to adjudicate this because it was never presented to him. Absolutely. So that's really, it's not so much that it's unfair to you, it's, one might say it's unfair to the trial judge because he couldn't avoid the error because he was never presented with the option that's now said to be the only correct option. They're both, both constitute separate forms of waiver. And we can't review a decision he didn't make. That's exactly right. This is clearly a court of errors, and by not presenting the district court with that in the first instance, they have waived that. If there are, I'm happy to answer any questions about anything in the intrinsic record. Why isn't there any validity argument here? There certainly will be. Hasn't made it there yet? It has not. Following the court's plan construction, the plaintiff stipulated it to a judgment of non-infringement, and we dismissed our counterclaims of invalidity without prejudice. I have a little worry that you win, you go away, but they assert it against somebody else. It floats around out there. Isn't there some value in making an earlier validity claim so that these things might not bang around in the system so long? Perhaps, Your Honor, but that would be an advisory opinion. Okay, you're right. Thank you. Thank you, Mr. Ayers. Mr. Hemingway, you used up virtually all your time, but we'll give you two and a half minutes for rebuttal. Thank you, Your Honor. Two and a half. I'm sorry. In response to your question regarding claim, I believe it was claim eight, Your Honor, that's a broad claim. What I was distinguishing is... That's apparent for claim twelve, the one that you referred to. And claim twelve does not have specifically the limitations regarding profitability. So it's only adding the accommodation to claim eight. Well, claim twelve is dependent from claim eight. Correct, Your Honor. But it includes all the limitations of claim eight. Yes, but claim eight doesn't require accommodation of prospective unfulfilled new requests. It just talks about looking at transportation requests that have been submitted, either fulfilled or unfulfilled, and making a profitability determination. And claim twelve is dependent from claim eight, and it adds the limitation regarding accommodating the request that's coming in and changing the schedule. Now that's the prospective limitation that's added to claim twelve that's not in claim eight. I understand that, but you're trying to make the point that based on claim differentiation, and based on the fact that claim twelve talks about new routes and has prospective language, therefore claim one can't be read to be prospective. But the claim differentiation argument fails if there are other distinctions between the claims. All the claims one through eleven, Your Honor, don't have that I understand that, but you're not answering my question. I believe I understand your point, which is there are other limitations from claim twelve compared to claim one. Correct. And profitability is an underlying determination in the entire spec, but I understand that point. But I'm focusing on the dependency of claim twelve to eight. And with respect to the we identified the claim terms at issue in our opening brief on pages twenty-five through twenty-six. In the opposition brief, they indicated, well, you didn't tell us how you would change the court's claim construction or what you're offering now. And that's why in our reply brief we said, okay, in answer to that question, here's what we would do to minimally change the trial court's decision and it would avoid the errors that we're talking about. It's not that we're offering these up as anything more than a response to the inquiry from the appellate. Time has expired. I thank both counsel. We'll take the case under revise.